UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY E. ESTACIO, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CASE NO. 3:15-cv-05717 JRC <br><br> ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 13, 14, 15).

After considering and reviewing the record, the Court concludes that the ALJ erred in his evaluation of the medical evidence. The ALJ relied on an incorrect finding than an opinion from plaintiff's orthopedic surgeon was "performance-based" and also

overlooked significant, probative evidence from prior to the date when plaintiff was no longer insured for disability insurance benefits.

Because these errors are not harmless, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, ROY E. ESTACIO, was born in 1961 and was 45 years old on the amended alleged date of disability onset of October 21, 2006 (*see* AR. 214-15, 325). Plaintiff completed two years of college and has completed a mechanical drafting program (AR. 48). He has worked in building construction, maintenance, construction and labor and some semi-skilled work (*id.*). Plaintiff stopped working following an injury on the job (AR. 52-54).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease with lumbar sprain and spinal stenosis (20 CFR 404.1520(c) and 416.920(c))" (AR. 25). Also according to the ALJ, "beginning on the established disability onset date, August 9, 2013, the claimant has had the following additional severe impairments: pain disorder, status-post laminectomy, depression, anxiety, [and] status-post transient ischemic attack (TIA) (20 CFR 416.920(c))" (AR. 26).

At the time of the hearing, plaintiff was living next door to a friend, in his friend's mother's home (AR. 50-51).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 90-102, 104-17). Plaintiff protectively filed for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act on August 9, 2013 and that claim was escalated to the hearing level (AR. 23, 224-36). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on September 5, 2013 (*see* AR. 41-88). On January 30, 2014, the ALJ issued a written decision in which the ALJ concluded that based on the application for SSI, plaintiff has been disabled beginning on August 9, 2013, the SSI application date. However, regarding plaintiff's DIB application, the ALJ concluded that plaintiff was not disabled through September 30, 2007, which was the date last insured (*see* AR. 35). Plaintiff, through his attorney, confirmed that his amended date of disability onset is October 21, 2006 (*see* AR. 48, 325). As plaintiff has not appealed the ALJ's finding of disability for purposes of SSI as of August 9, 2013, before this Court is the ALJ's conclusion that plaintiff was not disabled for purposes of DIB as of plaintiff's amended date of disability onset of October 21, 2006.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly assessed plaintiff's residual functional capacity ("RFC"); and (4) Whether or not the ALJ erred by

basing his step five finding on a RFC assessment that did not include all of plaintiff's limitations (*see* Dkt. 13, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)     Whether or not the ALJ properly evaluated the medical evidence.**

Plaintiff contends that the ALJ erred in his evaluation of the medical evidence, including that offered by orthopedic surgeon, Dr. John Blair, M.D. Defendant contends that there is no harmful error.

When an opinion from a treating or examining doctor is contradicted by other medical opinions, the doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2). In addition, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v.*

*Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

In April and May of 2007, Dr. John Blair M.D. provided his opinion regarding plaintiff's work-related abilities and limitations (*see, e.g.*, AR. 440-41). For example, Dr. Blair opined that plaintiff could sit, stand and/or walk for an hour at a time for total of six hours in an eight-hour workday (*see* AR. 440). In addition, Dr. Blair indicated that he did not think that plaintiff was medically stable at that time, but expected that plaintiff would become medically stable within 60 days of his May 2007 report (*see* AR. 441).

The ALJ gives "great weight" in his written decision to this opinion by Dr. Blair (AR. 29). However, the ALJ was under the impression that "Dr. Blair administered a performance-based physical capacity evaluation" (AR. 28). However, as noted by plaintiff, Dr. Blair completed a physical capacities evaluation, and opined that a performance-based physical capacities evaluation was indicated, suggesting that he felt that one was advisable or necessary (AR. 441). Defendant contends that plaintiff's "argument misunderstands the record," however it appears that it is defendant who has misunderstood the record (*see* Dkt. 14, p. 5). Defendant's contention ignores the words "performance-based" (*see id.*). Although defendant argues, alternatively, that this distinction is of no import, the ALJ referred to Dr. Blair's opinion as "performance-based" no less than four times (*see* AR. 28-29). The ALJ also found that this opinion from Dr. Blair reflected plaintiff's "demonstrated functioning during the period at issue" (AR. 29). However, although Dr. Blair's opinion is indeed an opinion from a medical source, it does not reflect functioning that plaintiff "demonstrated" in a "performance-

based" evaluation (*see id.*). In addition, the ALJ relied on plaintiff's presumed "demonstrated functioning" when failing to credit fully plaintiff's testimony regarding "significantly more restricted functioning" (*see id.*). The logical inference from the ALJ's written decision is that the ALJ considered the (incorrect) fact that Dr. Blair's opinion reflected plaintiff's "demonstrated functioning" to be important, as he referenced it at least four times and relied on this (incorrect) aspect of Dr. Blair's opinion to support his failure to credit fully plaintiff's allegations.

Furthermore, this is not the only error committed by the ALJ with respect to this opinion or the medical evidence. The ALJ found that this opinion from Dr. Blair "is the last record before September 30, 2007, the date when the claimant was no longer insured for disability insurance benefits" (AR. 28). However, as acknowledged by defendant, the ALJ failed to take note of an August, 2007 treatment record from Dr. Blair (*see* AR. 910). As admitted by defendant, on August 9, 2007, "Dr. Blair concluded that plaintiff has 'suffered an aggravation of his pre-existing degenerative disc disease'" (Dkt. 14, p. 6; *see also* AR. 910). Defendant contends that it was not a harmful error for the ALJ "to overlook this treatment note" (*see* Dkt. 14, p.7). However, the Court does not agree.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an]

error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, defendant contends that the earlier May, 2007 opinion from Dr. Blair is "significant because it showed [plaintiff's] back impairment was improving, and that he could perform the full range of light work on a full-time basis" (*see* Dkt. 14, p. 7 (citing AR. 28-29)). Although defendant contends that the ignored opinion from the ALJ in August 2007 "does not undermine Dr. Blair's earlier opinion regarding [plaintiff's] physical abilities," this August 2007 treatment record, as acknowledged by defendant, reveals that plaintiff's condition was not improving as of August, 2007, thus demonstrating an inconsistency between Dr. Blair's May, 2007 opinion and the August, 2007 treatment record. Furthermore, reflecting another inconsistency between Dr. Blair's May, 2007 opinion and the August, 2007 treatment record, in May, 2007, Dr. Blair opined that plaintiff would be medically stable in July 2007, as noted by the ALJ (*see* AR. 28, 441). Plaintiff's aggravation of his degenerative disc disease in August 2007 when he attempted to return to work contradicts this May, 2007 assessment from Dr. Blair. Therefore, the Court is not persuaded by defendant's argument that the August

2007 treatment record "does not undermine Dr. Blair's earlier opinion regarding [plaintiff's] physical abilities" (*see* Dkt. 14, p.8; *see also* AR. 910). Furthermore, the Court concludes that had the ALJ been aware of the final treatment record before plaintiff was no longer insured for disability insurance benefits, he may have altered either the weight that he gave to the May 2007 opinion from Dr. Blair, or may have altered his assessment regarding plaintiff's residual functional capacity ("RFC"). Therefore, the court cannot conclude with confidence "that no reasonable ALJ, when fully crediting the [August, 2007 treatment record], could have reached a different disability determination.'" *Marsh, supra*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). The Court also concludes that the August 2007 treatment record is significant, probative evidence that the ALJ erred in failing to discuss. *See Flores, supra*, 49 F.3d at 571.

Therefore, for the reasons stated above and based on the record as a whole, the Court concludes that the ALJ's errors in overlooking plaintiff's last treatment record before he no longer was insured for DIB and in incorrectly assessing that Dr. Blair's May 2007 opinion was "performance-based" are not harmless. Therefore, the Court concludes that this matter shall be reversed and remanded for further administrative proceedings consistent with this Order, as requested by plaintiff. Although plaintiff requests that the Administration's review should be limited to the period between October 12, 2006 and August 8, 2013, it appears that the appropriate time period requiring reevaluation begins on October 21, 2006 (*see* AR. 325). Based on the record as a whole, and plaintiff's arguments regarding the medical evidence, the Court concludes that all of the medical evidence should be evaluated anew following remand of this matter.

**(2)   Whether or not the ALJ properly evaluated plaintiff's testimony, plaintiff's RFC; and the step five finding.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter. Similarly, plaintiff's RFC and the step five finding must be evaluated anew following remand of this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 6th day of July, 2016.

J. Richard Creatura
United States Magistrate Judge