UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY E. ESTACIO,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 3:15-cv-05717 JRC

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter comes before the Court on plaintiff's contested motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA") (*see* Dkt. 19, 20, 21; *see also* Dkt. 18).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Commissioner challenged plaintiff's request

for statutory attorney's fees on the grounds that the requested fees are unreasonable given the circumstances of this case (*see* Response, Dkt. 20, p. 1 (citing 28 § U.S.C. 2412(b))).

After considering and reviewing the record, including plaintiff's Application for Fees, and the attached time and expense sheet (*see* Dkt. 19, 21), as well as the excellent results obtained by plaintiff's counsel, the Court concludes that plaintiff's fee request is reasonable (*see id.; see also* Reply, Dkt. 21).

Therefore, plaintiff's motion for fees and expenses should be granted pursuant to the EAJA in the amount of $9,034.65 in attorney's fees, which includes the additional 2.8 hours incurred defending the fee petition, and $8.26 for expenses.

BACKGROUND and PROCEDURAL HISTORY

On July 6, 2016, this Court issued an Order reversing and remanding this matter for further consideration by the Administration (*see* Dkt. 16). The Court found that the ALJ erred when evaluating the medical evidence (*see id.*). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to the harmful error in the evaluation of the medical evidence (*see id*.).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* Dkts. 19, 20). Defendant asserts that the amount of hours expended are unreasonable (Dkt. 20, p. 1). Plaintiff filed a reply (*see* Dkt. 21).

STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, “the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended.” *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), cert. denied, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (citing *Flores v. Shalala,* 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also “has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, *supra*, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the administration for further consideration (*see* Order on Complaint, Dkt. 16). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant implicitly conceded that the government’s position was not substantially justified, as defendant argues that plaintiff’s recovery for attorney’s

fees should be reduced, not eliminated (*see* Defendant's Response to Plaintiff's EAJA Motion for Fees, Dkt. 19, p. 1).

The Court agrees with defendant's implicit concession (*see id*.). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical evidence. For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra,* 461 U.S. at 433, 436-37; *see also Roberts v. Astrue,* 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), adopted by 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra,* 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra,* 461 U.S. at 433.

Here, plaintiff prevailed on the single claim of whether the denial of his social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be

based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra,* 461 U.S. at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Because the Court concludes based on a review of the relevant evidence that the plaintiff here obtained excellent results, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson, supra*, 488 F.2d at 717-19, "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e Hensley lodestar method of the hours reasonably expended multiplied by a reasonable

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson, supra*, 488 F.2d at 717-19, and *Kerr, supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), adopted by 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012).

As defendant does not object to plaintiff's request for reimbursement for expenses and does not object to plaintiff's requested hourly rate for his attorney's fees request, the gravamen of defendant's contentions here concern "the number of hours reasonably expended on the litigation" (*see* Dkt.19). *See also Hensley*, *supra*, 461 U.S. at 433.

The Court has reviewed the facts of this case. *See Hensley*, *supra*, 461 U.S. at 429, 433 n.7 (once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case"). As noted in the (second) declaration from plaintiff's attorney, in this case, as in multiple other instances regarding fee petitions from this attorney, the attorney's brother, counselor Noah Yanich, "a very experienced litigator," first "prepared a detailed summary of [plaintiff's] file, with precise citations to the court transcript and with legal analysis" (Dkt. 21, Attachment 1, p. 2). Subsequently, plaintiff's main attorney completed the preparation of the opening brief (*id.*). From the time expenditure itemization submitted by plaintiff, it appears that counselor Noah Yanich expended approximately 18.7 hours preparing this "detailed summary," while plaintiff's main attorney expended 13 hours reviewing the file and finalizing the opening brief (*see id.*).

Defendant does not offer or support any argument that simply utilizing the services of multiple attorneys justifies a fee reduction or makes the hours expended unreasonable. However, defendant contends that the "joint effort resulted in a brief that included summaries of various medical records without raising any substantive legal errors" (Dkt. 20, p. 2 (citing Dkt. 13, pp. 3-11, 13-15)). Defendant contends that many of the hours expended therefore "were unnecessary and unreasonable" (*id*.).

This argument by defendant has been persuasive in a different case, and this Court reduced fees awarded to plaintiff's attorney in a previous matter before the Court. *See, e.g., Stearns v. Colvin*, Case No. 14-cv-5611JRC, Dkt. 37, U.S. Dist. LEXIS 22723 at *12-*24 (W.D. Wash. February 24, 2016) (unpublished opinion). However, in this matter currently before the Court, the Court has reviewed the record, and has reviewed again plaintiff's Opening Brief and this Court's Order on plaintiff's complaint (*see* Dkts. 9, 13, 16). The Court also has considered defendant's argument presented here regarding the large amount of hours incurred preparing the Opening Brief (*see* Dkt. 20). Although defendant is correct that the number of hours incurred is somewhat large in this matter, the Court does not agree with defendant's argument that plaintiff included unnecessary or unhelpful arguments or summaries to the Court. In large part, plaintiff's summaries were connected to specific arguments regarding alleged errors (*see* Dkt. 13). For example, the brief contained discussions of the evidence related to particular doctors' opinion in the sections arguing that the ALJ's rejections of those opinions were improper (*see id*.). While there was an additional short section discussing some other medical evidence, this preceded an argument that the ALJ improperly gave great weight to the assessment

performed by the state agency medical consultant with a finding that "it is consistent with the medical evidence of record as a whole" (*id.* at pp. 9-10 (citations omitted)). The Court concludes that defendant's argument that plaintiff's summaries here resulted in unnecessary and unreasonable hours being incurred by plaintiff's attorneys is not persuasive.

The Court has considered the fact, noted by plaintiff, that plaintiff's "court transcript was 1273 pages long, and it takes time to carefully review a court transcript of this length, to analyze the evidence, to determine which evidence should be included in a brief, and to summarize the evidence accurately, with citations to the record" (Dkt. 21, p. 3). The Court also notes plaintiff's argument that "just because [plaintiff's] attorneys chose to carefully review and summarize his lengthy court transcript as part of the brief writing process does not prove that any of the time expended in this process was unreasonably expended" (*id.* at 4). *See also Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted) (if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits").

Defendant appears to argue that plaintiff's attorneys simply spent too much time on the opening brief and could have performed this task much more quickly (*see* Dkt. 20, pp. 2-3). While there may be some merit to this argument (*see, e.g., Stearns*, U.S. Dist. LEXIS 22723 at *13-*19 (summarizing much fewer hours expended in other cases)), the Court notes plaintiff's citation to a Ninth Circuit case in which the Ninth Circuit indicated

that it is not the job of the court "to impose its own judgment regarding the best way to operate a law firm . . . ." (Dkt. 21, p. 2 (quoting *Mareno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008))). As noted by plaintiff, according to the Supreme Court, where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *See Hensley, supra,* 461 U.S. at 435; *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (questioning the usefulness of reviewing the amount of time incurred in other cases to decide how much time an attorney could reasonably spend on a particular case).

The Court has taken note of the fact that plaintiff's attorney did not represent plaintiff at his administrative hearing and the statement in the attorney's (second) declaration that "it therefore took some extra time to review his file and brief his case" (Dkt. 21-1, p. 2). The Court also notes the statement in the declaration from plaintiff's attorney that the "time [he] expended in this case is the amount of time that in [his] professional judgment [he] found necessary to present [his] client's case effectively" (*id.* at 2-3). The Court also notes the statement in plaintiff's attorney's (first) declaration, under penalty of perjury, that his time itemization "is a true and accurate itemization of the time and expenses actually expended . . . ." (Dkt. 19-2, p. 1).

Given the facts and circumstances of the matter herein, and based on plaintiff's briefing and his petition for fees, with the itemized time expenditures included, the Court concludes that the time incurred by plaintiff's attorney in this matter is reasonable. *See Hensley, supra,* 461 U.S. at 435. As plaintiff's attorney "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Specifically, following a review of plaintiff's request, the Court finds reasonable plaintiff's request for expenses in the amount of $8.26 and for attorney's fees in the amount of $9,034.65, representing 45 hours of attorney work (and 4.1 paralegal hours). This amount includes an additional 2.8 hours above plaintiff's original request, representing hours incurred by plaintiff's attorney defending the fee petition (*see* Dkt. 21, p. 6; *see also* Dkt. 21-1, p. 5).

## CONCLUSION

Plaintiff's request for $8.26 in expenses is granted.

Plaintiff is awarded $9,034.65 in attorney's fees, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. If it is determined that plaintiff's EAJA fees are not subject to any offset, the check for EAJA fees shall be made payable to plaintiff's counsel, either by direct deposit or by check payable to Eitan Kassel Yanich, Esq., based on plaintiff's assignment of these amounts to plaintiff's attorney (*see* Dkt. 18, p. 1). The checks for EAJA fees and expenses shall be mailed to plaintiff's counsel at Law Offices of Eitan Kassel Yanich PLLC, 203 Fourth Avenue E, Suite, 321, Olympia, WA 98501.

Dated this 1st day of November, 2016.

J. Richard Creatura
United States Magistrate Judge